

**FILED**

JUL 2 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

1

2 SHAZIA JABEEN
2517 WESTERNESSE RD
3 DAVIS CA 95616

4

5 **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

6

7 MUHAMMAD YOUNAS MALIK AND ) Case No. 2:23 CV 1462 DJC
8                                            )                    DB (PS)
9 NAZIA IQBAL, INDIVIDUALLY AND ON ) **NOTICE OF FILING**
   ) **NOTICE OF REMOVAL TO FEDERAL**
10 BEHALF OF THE ZAFAR IQBAL TRUST ) **COURT**
   )
11        PLAINTIFFS,                    ) STATE COURT CASE 2020-948
   )              CONSOLIDATED WITH CASE #2020-0234
12     vs.                              )
   )
13                                        )
   SHAZIA JABEEN, MOHSAN IQBAL AND )
14                                        )
   AHSAN IQBAL , SADIA NASEEM
15
16        DEFENDANTS
   _____
17 CONSOLIDARTED WITH 2020 0234

18 SHAZIA JABEEN MOHSAN IQBAL AND
19 AHSAN IQBAL

20     PLAINTIFFS

21 VS

22 NAZIA IQBAL, MOHAMMAD MALIK
23 AND DOES 1-XX

24

25

26

27

28

- 1 -
NOTICE OF REMOVAL

**NOTICE OF REMOVAL**

SHAZIA JABEEN hereby remove the above-entitled case to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) and (c), 1446, based on federal question jurisdiction and diversity of citizenship.

Being the defendants in this action, all currently held in yolo County Superior Court, being residents of California, and faced with plaintiffs who bring forth claims arising under federal law – notably the EAPPA, they prudently elect to transfer this case to federal court given the federal questions implicated.

Defendants stand committed to seeking a fair and impartial hearing of this case, under the jurisdiction of an equally impartial court. They believe this removal is in the interests of justice, and in accordance with relevant statutory mandates.

Shazia Jabeen RESPECTFULLY requests removal to the federal Eastern District Court of California under federal law 28 U.S.C. § 1441, which allows for removal of any civil action from a state court to a federal court when the federal court would have original jurisdiction. Here, federal question jurisdiction exists as the dispute arises under the US Constitution, laws, or treaties of the United States specifically the EAPPA, a federal statute.

Moreover, the diversity jurisdiction - as mentioned in 28 U.S.C. § 1332 a federal court can retain jurisdiction if the amount in controversy exceeds $75,000

- 2 -
NOTICE OF REMOVAL

BRIAN TAYLOR
555 CAPITAL MALL SUITE #1500 SACRAMENTO CA 95814
BTAYLOY@BUTINJONES.COM

Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal will be served to opposing counsel

and filed with the Clerk of the Sacramento County Superior Court.

ARGUMENT

Plaintiffs assert their claims under clear violations of the Elder Abuse Prevention and Prosecution Act

(EAPPA) codified in 42 U.S.C. § 21711, relevant cases of financial elder abuse under the California

welfare and institution codes (W&I Code §§15600 et seq.), and breaches in fiduciary duty (Prob.

Code § 16004).

In Cohen v. Friedlander (2016) 243 Cal.App.4th 1242, 1249 [197 Cal.Rptr.3d 628], the court

explicitly affirmed that financial elder abuse occurs when a person in a fiduciary position "takes,

secretes, or appropriates their property to any wrongful use, or uses undue influence resulting in ...

the deprivation of property of elders

Defendants assert that the plaintiffs actions violate both the Federal Elder Abuse Prevention and

Prosecotion Act (EAPPA), and California elder abuse statutes. The EAPPA enhanced the federal

government's role in prevention, prosecution, and enforcement of elder abuse law, including, most

significantly, financial exploitation (34 U.S.C. § 21711). Under this act, any circumstances where

elders' resources are illegally or improperly accessed, or where they are deceived or coerced into

surrendering their resources, falls squarely within the scope of financial exploitation.

In this case, the plaintiffs have engaged in a clear pattern of financial exploitation against the elders, violating the EAPPA. Specifically, they have caused significant financial losses amounting to the elder's home worth $800,000 and over $100,000 in assets in the elder's bank account. Their actions have directly impacted their financial security and well-being and it is evident they not only attempted to, but have succeeded in, profiting off the resources of the elders.

CONCLUSION

This case involves significant monetary damages and violation of federal laws designed to protect the elderly. Therefore, it is befitting that it be heard in a forum equipped to enforce these laws and ensure justice is served comprehensively. The violations of the EAPPA by plaintiffs Nazia Iqbal and Mohammad Malik give rise to substantial federal questions, necessitating the removal. This, coupled with the extensive financial damages, favors the removal request according to 28 U.S.C. §§ 1331, 1332, and 1446(b).

The United States District Court for the Eastern District of California has the jurisdiction and obligation to protect elderly citizens from financial abuse, ensuring the most efficient and just resolution to this dispute.

NOTICE OF REMOVAL

1

2

3   RESPECTFULLY SUBMITTED

4

5

6

7

8   SHAZIA JABEEN

9

10   DATED 07/20/2023

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **LAW OFFICES OF JOSEPH W. SCALIA**
**A Professional Law Corporation**
2  Joseph W. Scalia, Esq., [SBN 72526]
3  3017 Douglas Blvd, Suite 300, PMB 30095
Roseville, California 95661
4  **Office:**      (916) 622-6939
**Facsimile:** (916) 652-4027
5  **Email:**       joe@scalialawoffices.net

6  **STEVEN A. BLOCK, Esq. [SBN 84002]**
7  11341 Gold Express Drive, Suite 110
Gold River, CA 95670
8  Telephone (916) 601-7736
**Email:**       sablock145@gmail.com
9
**Attorneys for Plaintiffs Muhammad Younas Malik,**
10  **Nazia Iqbal, individually and on behalf of Zafar Iqbal**
11
FILED
Yolo Superior Court
4/16/2021 2:17 PM
By: S. Lozano, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF YOLO

| | |
|---|---|
| MUHAMMAD YOUNAS MALIK; NAZIA JABEEN IQBAL, individually and on behalf of ZAFAR IQBAL,<br><br>Plaintiffs,<br>v.<br><br>MOHAMMAD AHSAN IQBAL, SADIA NASEEM, SHAZIA JABEEN; MOHAMMAD MOHSAN IQBAL, DOES 1-100,<br><br>Defendants. | CASE NO.: CV-20-948<br><br>**FIRST AMENDED COMPLAINT OF MUHAMMAD YOUNAS MALIK, INDIVIDUALLY, NAZIA IQBAL, INDIVIDUALLY AND ON BEHALF OF ZAFAR IQBAL FOR ELDER ABUSE, QUIET TITLE, CONSTRUCTIVE TRUST, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**Complaint Filed On: July 14, 2020** |

Plaintiffs **Muhammad Younas Malik**, individually, (hereafter "Malik"), **Nazia Jabeen Iqbal** individually (hereafter "Nazia") and on behalf of **Zafar Iqbal** (hereinafter "Zafar" and collectively "Plaintiffs"), allege as follows:

### GENERAL ALLEGATIONS

1.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are unknown to

1    Plaintiffs, which therefore sue Defendants, and each of them, by such fictitious names.

2    Plaintiffs are informed and believe, and thereon allege that each of the Defendants designated

3    herein as a DOE are negligently, legally, statutorily, contractually and/or strictly liable and/or

4    responsible in some manner for the events and happenings herein referred to, and proximately

5    caused injuries and damages thereby to Plaintiffs as herein alleged, and Plaintiffs will ask

6    leave that this First Amended Complaint be amended to insert the true names of said

7    Defendants, together with the appropriate charging allegations, when the same have been

8    ascertained.

9         2.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

10   mentioned, Defendants, and each of them, were the agents and/or employees of each of the

11   remaining Defendants and were at all times acting within the purpose and scope of said

12   agency and/or employment.

13        3.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

14   mentioned, Defendants Mohammad Mohsan Iqbal (hereafter "Defendant Moshan"),

15   Mohammad Ahsan Iqbal (hereafter "Defendant Ahsan"), Sadia Naseem ( hereafter Defendant

16   Sadia") and Shazia Jabeen (hereafter "Defendant Shazia"), (hereinafter collectively

17   "Defendants") have represented that they were and are individuals residing in the County of

18   Yolo, State of California.

19        4.    On or about September 21, 2016, Zafar Iqbal, as Trustmaker and Trustee and

20   his wife Kanesszan Iqbal (hereafter "Kaneezan"), as Trustmaker entered into the "Zafar and

21   Kaneezan Iqbal Living Trust." In accordance with the provisions of the Trust, Nazia  was

22   appointed co-trustee with Zafar. A copy of the Trust is attached hereto incorporated herein as

23   Exhibit "1".

24        5.    On or about September 21, 2016, Zafar executed a General Durable Power of

25   Attorney, appointing Nazia to serve as his Attorney in Fact. A copy of the Durable Power of

26   Attorney is attached hereto and incorporated herein as Exhibit "2". Kaneezan executed a

27   General Durable Power of Attorney, appointing Zafar to serve as her Attorney in Fact. Article

28   One, Section 1.02 entitled "Successor Attorney in Fact", provides as follows:

1    "If Zafar Iqbal fails to serve, I appoint Nazia Iqbal to serve as

2    successor Attorney in Fact."

3    Kaneezan passed on November 19, 208, whereby the Durable Power of Attorney for

4    Kaneezan expired.

5    6.    Pursuant to Article Five, Section 5.02, of the Durable Power of Attorney for

6    Zafar, Zafar appointed his daughter Nazia to serve as the Conservator of his person and his

7    estate. Further pursuant to Article Three, Section 3.16, entitled "Power to Prosecute and

8    Defend Legal Actions", Zafar granted Nazia the following Powers:

9    "My Attorney in Fact may institute, supervise, prosecute. defend,

10    intervene in, abandon, compromise, adjust, arbitrate, settle, dismiss,

11    and appeal from any legal, equitable, judicial, or administrative hearings,

12    actions, suits, or proceedings involving me in any way. This authority

13    includes claims by or against me arising out of property damage or

14    personal injury suffered by me, or caused by me or under circumstances

15    such that the resulting loss may be imposed on me.  My Attorney in Fact

16    may otherwise engage in litigation involving me, my property, or my

17    legal interests, including any property, interest, or person I am or may be

18    responsible for.

19    7.    Article Six, entitled "Declarations of the Principal", provides as follows:

20    "This Durable Power of Attorney will continue to exist during my

21    subsequent disability or incapacity."

22    8.    Nazia brings this First Amended Complaint against Defendants and each of

23    them pursuant to the powers vested in her by "The Zafar and Kaneezan Iqbal Living Trust"

24    and the Durable Power of Attorney of Zafar.

25    9.    Pursuant to the Order after Hearing dated January 28, 2020 the Honorable

26    Samuel T. MacAdam found the following:

27    "In interpreting the plain language of the POA, the Court hereby

28    finds that Nazia became an attorney-in-fact with Powers of Attorney

PLAINTIFFS NAZIA JABEEN IQBAL AND MUHAMMAD          CASE NO. CV-20-948
YOUNAS MALIK 'S' FIRST AMENDED COMPLAINT FOR
ELDER ABUSE, QUIET TITLE:CONSTRUCTIVE TRUST:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

3

1 | over Zafar on September 6, 2018."

2 | 10.    The Court further stated:

3 | "To fully understand the case now before the Court, it is essential to

4 | read the two affidavits signed by Zafar dated June 4, 207 and July15, 2017,

5 | explaining why he transferred money and title to the Davis house to

6 | Nazia. The Court has already given weight to these declarations and their

7 | underlying facts, which were asserted in Court as early as August 9,2016.

8 | The Court issued temporary DVRO's and reissued restraining orders in case

9 | F3-16-1229 and F3-16-1230 from August 9. 2016 to March 2, 2017,......  "

10 | Copies of Zafar's affidavits dated June 4, 2017 and July 15, 2017, attached hereto and

11 | incorporated herein as Exhibits "3" and "4", were submitted at the hearing before the

12 | Honorable Kathleen White on July 26, 2017 (Exhibit "5"),  at which time Zafar was added to

13 | Nazia's Restraining Order.

14 | 11.    On July 26, 2017, the Court in Elder Abuse cases PT-17-714 and &15 brought

15 | by Defendant Ahsan and "repackaged" by Defendant Shazia, took and credited the testimony

16 | from Zafar. As a result, the Court added  Kaneezan and Zafar to Nazia's 3-year DVRO against

17 | Defendant Ashan. And the Court **dismissed** the Elder Abuse charges brought by Defendant

18 | Ahsan.

19 | 12.    The Honorable Samuel T. MacAdam stated the following:

20 | "The Court orders of July 26, 2017, which clearly indicates that Ashan

21 | was harassing and threatening to Zafar and Kaneezan and that there was

22 | no merit to Elder Abuse allegations against Nazia (which are in effect

23 | now being repackaged here by Shazia)."

24 | 13.    Also during this time period, Defendant Ashan filed a petition for probate

25 | conservatorship as to both Zafar and Kaneezan. (cases PC-17-139 and 140.). These cases

26 | were dismissed on November 30, 2017 on the grounds that there was an existing POA.

27 | 14.    The Honorable Samuel T. MacAdam stated the following:

28 | "The overwhelming evidence before this Court is that on and up to

4

1     at least July 26, 2017, Zafar had the mental capacity to make financial

2     decisions and manage his own affairs and that he voluntarily and without

3     any coercion asked Nazia to take care of Kaneezan and him and to

4     distance himself from other members of the family."

5     15.    The Honorable Samuel T. MacAdam further ruled as follows

6     "The final claim of abuse of the POA relates to transfer of title to

7     the Davis residence. The house was transferred on November 13, 2016.

8     Zafar was not incapacitated and he had POA over Kaneezan.

9     For the reasons stated above, he had reasonable motive for transferring

10    title to Nazia. There is no evidence of undue influence or coercion.

11    Zafar had seen his wife's medical condition deteriorate; he had experienced

12    intense conflict with his own son, he had received good care for years

13    from Nazia and Malik; and thus, he decided to trust Nazia with his

14    personal finances and his Davis residence. His trust was memorialized

15    in his estate planning documents and other freely made decisions

16    concerning his care and finances. It is fundamentally evident that

17    Zafar chose Nazia to be the primary care provider for Kaneezan and

18    himself. In short, the transfer of title of the Davis residence was not a breach of

19    fiduciary duty or the result of undue influence; rather it was an informed

20    personal decision."

21    16.    Accordingly, the Honorable Samuel T. MacAdam **Denied** Shazia's petition to

22    revoke Nazaia's Power of Attorney and Healthcare Directive over Zafar.

23    17.    On 2/28/2020 the Honorable Stephan L. Mock **denied** Defendant's Shazia's

24    Petition for Conservatorship in Yolo County Action No. CVPC-19-89, and (2) on May 29,

25    2020 the Honorable Samuel T. MacAdam **denied**, in Yolo County action no. PC-19-89,

26    Defendant Shazia's Motion to Set Aside and Vacate Judgment and Enter Different Judgment.

27    Defendants did not appeal either order.

28

5

1    18.    Notwithstanding the foregoing, Plaintiffs are informed and believe that

2 Defendants elected, on June 5, 2020, to engage in a further abuse of process by filing, without

3 authority or standing to represent Zafar an action ( Case no. 34-2020-00280149) in

4 Sacramento County for Elder Abuse and Breach of Fiduciary Duty against Nazia and Malik.

5 The identical case was filed by Defendants in Yolo County on February 4. 2020 and

6 dismissed on June 22, 2020. The Sacramento case ( Case No. 34-2020-00280149) was

7 transferred to Yolo County ( the within Action no.CV2021-0234) after Nazia and Malik filed

8 a Motion to Change Venue.

9    19.    Plaintiffs are informed and believe and based thereon allege that on or about

10 June 9, 2016 Defendants Ahsan and Sadia fraudulently induced Zafar to execute the Grant

11 Deed dated June 9, 2016 to Zafar's residence located at 33335 Goldeneye Street, Woodland,

12 California (hereafter "Woodland" Home). A copy of the fraudulent deed is attached hereto

13 and incorporated herein as Exhibit "6".

14                         **FIRST CAUSE OF ACTION**

15                              **ELDER ABUSE**

16    **(Nazia Jabeen Iqbal** individually, and on behalf of **Zafar Iqbal** against all Defendants)

17    20.    Plaintiffs and re-allege and incorporate herein by reference all of the

18 allegations contained in paragraphs 1-19 as though fully set forth in their entirety.

19    21.    Defendants Ahsan Iqbal and Sadia Naseem have been guilty of Elder Abuse

20 within Welfare and Institutions Code § 15610 et seq. Plaintiffs are informed and believe that

21 Zafar will continue to suffer damages in the future in that the Woodland Home should have

22 been sold and the proceeds used to support Zafar.

23    22.    Plaintiffs are further informed and believe that Defendants have stolen in

24 excess of approximately $500,000.00 of Zafar and Kaneezan's savings. Despite repeated

25 demands Defendants have failed and refused to return the savings to Zafar.

26 ( See "Exhibit "4", Zafar's sworn affidavit dated July 15, 2017 filed with the Yolo County

27 Superior Court demanding the return of the savings and his Woodland home.) Attached hereto

28 as Exhibit "7" is Kaneezan's statement to the Court dated November 12, 2016.

PLAINTIFFS NAZIA JABEEN IQBAL AND MUHAMMAD                    CASE NO. CV-20-948
YOUNAS MALIK 'S' FIRST AMENDED COMPLAINT FOR
ELDER ABUSE, QUIET TITLE:CONSTRUCTIVE TRUST:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6

23. As part of Defendants continuing fraud, they convinced Zafar to dismiss his applications for a restraining order, action no. F316-1229 and F316-1230 in exchange for which they would return Zafar and Kaneezan's savings and the Woodland Home. Attached hereto and incorporated herein as Exhibits "8"are text messages sent by Defendant Shazia dated November 3, 2016, promising the return of the Woodland Home once the cases were dismissed. Once Zafar dismissed his pending actions, Defendants refused and failed and continue to refuse to re-convey the Woodland home or return Zafar and Kaneezan's savings.

24. Since approximately August 2018, Zafar has been suffering from dementia and has required 24-hour care at a cost of approximately $8,000.00 a month. Since approximately February 12, 2020, Defendants have knowingly and intentionally forcibly excluded Zafar, Nazia, Malik and their family from their home located at 2517 Westernesse Road, Davis California, all as continuing acts of Elder Abuse within Welfare and Institutions Code § 15610 et seq. This is occurring in violation of a restraining order against Defendant Ahsan. (See order on Action no. FL2017-593 re; Restraining order, attached hereto as Exhibit "9" and as against Defendant Moshan in action No. PT-20-722 (Exhibit "10").

25. As a further result of Defendants intentional acts, Zafar, Nazia, Malik and their family have been forced to live in Sacramento.

26. As a proximate result of the acts of Defendants, Zafar, Nazia and Malik have suffered severe emotional distress caused by the financial burden of being forcibly detained from their own residence. Plaintiffs will continue to suffer damages until possession of their home is restored to them.

27. In the Order after hearing dated January 28, 2020, the Honorable Judge MacAdam ruled as follows:

> "But first and working backward, however it appears that in October 2019 Shazia without any Power-of-Attorney authority and without a Court Order took Zafar to the Bank and pension office, knowing that Zafar lacked capacity, and somehow executed a plan to empty his bank account and freeze his retirement payments.

PLAINTIFFS NAZIA JABEEN IQBAL AND MUHAMMAD
YOUNAS MALIK 'S' FIRST AMENDED COMPLAINT FOR
ELDER ABUSE. QUIET TITLE:CONSTRUCTIVE TRUST:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

CASE NO. CV-20-948

7

1               Her intent was to cut-off Nazia's control. **Her conduct, with the case**

2               **pending shocks the conscience."** [Emphasis Added]

3     28.    In or about September 28, 2019, Defendants conspired to change Zafar's

4 address with the U.S. post office in order to have his retirement checks and mail directed to

5 them. A copy of the complaint filed by Nazia dated September 12, 2020 to the Davis Police

6 Department regarding the forgery of Zafar's signature with the U.S. Post-Office is attached

7 hereto and incorporated herein as Exhibit "11".

8     29.    In or about October 2019, Defendants conspired to redirect Zafar's Social

9 Security checks away from Zafar. A copy of the complaint to the Social Security

10 Administration dated October 28, 2019 is attached hereto and incorporated herein as Exhibit

11 "12".

12     30.    On or about October 25, 2019, Defendants conspired and did steal the sum of

13 $1793.99 from the joint account held by Zafar and Nazia. A copy of the Court order requiring

14 the Attorney for Defendants to return the money is attached hereto and incorporated herein as

15 Exhibit "13".

16     31.    Defendants, as set forth above assisted in taking, secreting and retaining the

17 assets of Zafar and Kaneezan for a wrongful use or with the intent to defraud as described

18 above, all of which constitute Elder Abuse as defined by Welfare and Institutions Code

19 §§15610.30(2) and 15657.6 and Plaintiff Nazia, individually and on behalf of Zafar are

20 entitled to the remedies provided by Welfare and Institutions Code§§ 15657.5 and 15657.6.

21     32.    Defendants' actions in taking secreting and retaining Zafar's Woodland Home

22 and elder funds for a wrongful use or with the intent to defraud as described above constitutes

23 elder financial abuse as defined by Welfare and Institutions Code §§ 15657.5 and 15657.6.

24     33.    Defendants have been guilty of recklessness, oppression, fraud and malice in

25 the commission of the above acts entitling Nazia on behalf of Zafar, to double damages for

26 Elder Financial Abuse under Probate Code §859.

27     34.    Pursuant to Welfare and Institutions Code §15657.5(a), Defendants are liable

28 to Plaintiff Nazia on behalf of Zafar for reasonable attorney fees and costs.

PLAINTIFFS NAZIA JABEEN IQBAL AND MUHAMMAD          CASE NO. CV-20-948
YOUNAS MALIK 'S' FIRST AMENDED COMPLAINT FOR
ELDER ABUSE. QUIET TITLE:CONSTRUCTIVE TRUST:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8

35.     Pursuant to Civil Code §3284, Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION

### QUIET TILE TO THE WOODLAND HOME

(**Nazia Jabeen Iqbal** individually, and on behalf of **Zafar Iqbal** against all Defendants)

36.     Plaintiffs re-allege and incorporate herein by reference all of the allegations contained in paragraphs 1-35 as though fully set forth in their entirety.

37.     Plaintiffs are informed and believe and based thereon allege that on or about June 9, 2016 Defendants Ahsan and Sadia fraudulently induced Zafar to execute the Grant Deed dated June 9, 2016 to Zafar's residence located at 33335 Goldeneye Street, Woodland, California (hereafter "Woodland" Home). A copy of the deed is attached hereto and incorporated herein as Exhibit "6".

38.     Defendants Ahsan and Sadia wrongfully and secretly caused title to the Woodland property to be titled in their own names and for their own benefit, rather than in the name and benefit of Zafar, all in violation of California Welfare and Institutions Code§ 15610.30.

39.     Despite repeated demands, Defendants have refused to re-convey the subject property to Zafar. As a proximate result of the Cross-Defendants' Ahsan and Sadia conduct, Zafar was confused, deceived and defrauded and suffered severe emotional distress and depression.

40     Plaintiff Nazia on behalf of Zafar seek to quiet title to Zafar's residence located at 33335 Goldeneye Street, Woodland, California free of all claims by Defendants.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### CONSTRUCTIVE TRUST OF THE WOODLAND HOME

(**Nazia Jabeen Iqbal** individually, and on behalf of **Zafar Iqbal** against all Defendants)

41.     Plaintiffs re-allege and incorporate herein by reference all of the allegations contained in paragraphs 1-40 as though fully set forth in their entirety.

9

42.   Defendants Ahsan and Sadia wrongfully and secretly caused title to the Woodland property to be titled in their own names and for their own benefit, rather than in the name and benefit of Zafar, all in violation of California Welfare and Institutions Code§ 15610.30.

43.   By virtue of Defendants wrongful acts, Cross-Defendants hold the improperly transferred funds of Zafar and Kaneezan and title to the Woodland Home, in constructive trust for the benefit of Zafar.

**WHEREFORE**, Plaintiffs pray for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.   Plaintiffs re-allege and incorporate herein by reference all of the allegations contained in paragraphs 1-43 as though fully set forth in their entirety.

45.   As a proximate result of the Defendants' conduct, Zafar, Nazia and Malik have been deceived and defrauded and have suffered severe emotional distress and depression.

46.   As the children of Zafar and the siblings of Nazia, Defendants knew that Zafar and Nazia would have a particular susceptibility to severe emotional distress arising from Defendants' wrongful, fraudulent and malicious acts.

47.   Defendants' conduct has been and continues to be intentional, malicious and done for the purpose of causing and did cause Zafar, Nazia and Malik severe emotional distress, by among other things, since approximately February 12, 2020, knowingly, intentionally and forcibly excluding Zafar, Nazia, Malik and their family from their home located at 2517 Westernesse Road, Davis California, depriving them of the quiet enjoyment of their home.

48.   The above-described conduct of Defendants was willful and was intended to cause injury to Zafar, Nazia and Malik. Zafar, Nazia and Malik are therefore entitled to an award of exemplary or punitive damages.

49.   As a further result of the above-described conduct of Defendants, and each of them, Zafar and Nazia and entitled to an award of attorneys' fees and costs.

PLAINTIFFS NAZIA JABEEN IQBAL AND MUHAMMAD
YOUNAS MALIK 'S' FIRST AMENDED COMPLAINT FOR
ELDER ABUSE, QUIET TITLE;CONSTRUCTIVE TRUST;
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

CASE NO. CV-20-948

1  |  **WHEREFORE**, Plaintiffs pray for judgment against Defendants as hereinafter set

2  forth:

3  |  1.  Plaintiff Zafar is entitled to the cancellation of the Grant Deed (Exhibit"6")

4  hereto and title quieted in Zafar's name as to his former residence located at 33335

5  Goldeneye Street, Woodland, California ("Woodland Home"), free of any claims of

6  Defendants.

7  |  2.  For special damages to Plaintiffs in an amount to be proved at the  time of

8  trial,

9  |  3.  For general damages according to proof and doubled in accordance with

10  Probate Code §859.

11  |  3.  For punitive damages according to proof:

12  |  4.  For attorneys' fees.

13  |  5.  For costs of suit herein incurred; and

14  |  6.  For such other and further relief as the Court may deem just and proper.

15  DATED: April 2021        **LAW OFFICES OF STEVEN A. BLOCK, APC**

16  4/16/21

17  By: _____

18  Steven A. Block, Esq.
     **Attorney for Defendants/Cross-Complainants**
19  **Nazia Iqbal, individually and on behalf of**
     **Zafar Iqbal**
20

21

22

23

24

25

26

27

28

MOHAMMAD MOHSAN IQBAL
SHAZIA JABEEN
2517 WESTERNESSE RD
DAVIS , CA 95616
SELF REPRSENTED

F I L E D
YOLO SUPERIOR COURT

MAR 1 4 2023

BY   S. LOZANO
DEPUTY

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF YOLO

| | |
|---|---|
| SHAZIA JABEEN, MOHSAN IQBAL | Case No.: CV 2020-948 |
| | FIRST AMENDED |
| Plaintiffs | COMPLAINT FOR FINANCIAL ELDER ABUSE, IMPOSITION OF CONSTRUCTIVE TRUST, BREACH OF FIDUCIARY DUTY |
| v. | |
| NAZIA IQBAL, MOHAMMED MALIK, DOES I – XX | Amount demanded exceeds $25,000 |
| Defendants | |

COMES NOW Plaintiffs SHAZIA JABEEN, MOHSAN IQBAL

follows:

FIRST COUNT: ELDER ABUSE

1. Plaintiffs are the intestate heir of Kaneezan Iqbal and of Zafar Iqbal (hereinafter "KANEEZAN" and "ZAFAR"), both of whom were elders at all times at issue in this complaint.

2. KANEEZAN died November 19, 2018. Prior to her death she resided in California and at all times relevant to this action was 65 years of years of age. She suffered from physical and mental infirmities that restricted her ability to communicate, to carry out normal activities, and to protect her rights.

3. ZAFAR is a fully dependent adult, incapacitated and, at all times herein, under the control of Defendants.

4. Defendant NAZIA IQBAL (hereinafter "NAZIA") is an individual and, at all times herein mentioned, was a resident of Sacramento County, California.

1

FIRST AMENDED COMPLAINT

5. Defendant MOHAMMED MALIK is an individual and, at all times herein mentioned, was a resident of Sacramento County, California

6. Defendants Doe I through Doe XX, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were proximately caused by those Defendants.

7. Defendant NAZIA at all relevant times had a fiduciary duty to the elders in that she was designated as the agent under a power of attorney for financial affairs, and a co-trustee for the elders.

8. Plaintiffs are informed and believe and on that basis allege that on September 21, 2016, the elders KANEEZAN and ZAFAR were induced, by NAZIA, to execute the Zafar and Kaneezan Iqbal Living Trust. NAZIA inserted herself as the primary remainder beneficiary of the Trust. The attorney who drafted the Trust was recruited to do so by MOHAMMED MALIK, the husband of NAZIA. The Trust left the principal assets of the Trust to NAZIA as remainder beneficiary, disinherited one son Ahsan Iqbal, and left specific monetary devises of $5000 each to the other Plaintiffs, the other issue of the elders. NAZIA was also appointed to serve as co-trustee with the elder ZAFAR, as KANEEZAN was too incapacitated to serve in that capacity.

9. Plaintiff is informed and believes and on that basis alleges that the KANEEZAN did not have the testamentary and/or contractual capacity needed to execute the Trust agreement, and it must be set aside on that basis. But for this impermissible transfer into the Trust, NAZIA, as co-trustee, would not have had the ability to transfer the real property from the Trust to herself, and Plaintiffs would have inherited an interest in the real property. Defendants NAZIA's and MOHAMMED MALIK's taking of title to the real property at issue is thus wrongful.

10. Plaintiffs are further informed and believe and on that basis allege that ZAFAR was unduly influenced by NAZIA to execute the Trust leaving the vast majority of the trust corpus to her, and to name her as co-trustee. As such, and on that basis, it must

2

be set aside. But for this impermissible transfer into the Trust, NAZIA, as co-trustee, would not have had the ability to transfer the real property from the Trust to herself. Defendants NAZIA's and MOHAMMED MALIK's taking of title to the real property at issue is thus wrongful.

11. Plaintiffs further allege that on November 17, 2016, NAZIA and ZAFAR, as co-trustees executed a grant deed transferring the principal asset of the Trust—the real property at 2517 Westernesse Rd., Davis, CA—to NAZIA. This Davis property had been the family home of the KANEEZAN and ZAFAR for approximately 50 years. At the time of the transfer, the Davis property was unencumbered. Plaintiff alleges that ZAFAR, as co-trustee of the Trust, was unduly influenced to transfer the real property to NAZIA. The transfer was an egregious violation of NAZIA's fiduciary duties as trustee to act in the best interests of the current income beneficiaries, who were, at the time, ZAFAR and the incapacitated KANEEZAN.

12. Plaintiff alleges that after transferring the family home to herself, in express violation of the fiduciary duties to KANEEZAN and to ZAFAR, NAZIA then transferred title to herself and her husband, defendant MOHAMMED MALIK. On March 15, 2019, the defendants placed a $484,350 loan on the real property, and retained the proceeds for themselves although they had no right to title to the property.

13. Plaintiffs alleges that the Trust is invalid because KANEEZAN executed it at a time when she was completely incapacitated. However, even if the Trust had been a valid one, NAZIA breached her fiduciary duty to the vulnerable elders by transferring the real property to herself—for no consideration—when she had no right to do so. So long as either of the Trust's current income beneficiaries—KANEEZAN and ZAFAR—were alive, NAZIA had no right to the assets of the Trust. NAZIA was only a remainder beneficiary, and had no right to the income and the use of the assets remained with the elders while they were alive. ZAFAR is currently living in a small home in Sacramento owned by Defendants. Plaintiffs allege on information and belief that after having stripped the elders ZAFAR and KANEEZAN of their home when she had no right to so—and then having encumbered that asset with a $450,000 loan—Defendants now withhold $2000 each month from surviving spouse ZAFAR's assets as "rent" for living in the house owned by Defendants.

3

14. Plaintiff is informed and believes and on that basis alleges that the elders ZAFAR and KANEEZAN had approximately $90,000 in their joint bank accounts in early 2016.

15. KANEEZAN had also executed a Durable Power of Attorney for Financial Affairs at the time she allegedly executed the Trust. Plaintiffs allege that at the time KANEEZAN executed a Power of Attorney designating ZAFAR as her agent under that POA. However, she lacked the capacity to execute the POA, pursuant to Probate Code *section 4120*.

16. In July 2016, ZAFAR transferred the funds to a new bank account, including the community property share owned by the incapacitated KANEEZAN. On October 25, 2016, NAZIA took $90,652.19 from the account holding the elder's funds— KANEEZAN and ZAFAR's shares-- and transferred them to an account titled in her name and used the funds for herself.

17. Plaintiff alleges that the elders ZAFAR and KANEEZAN had two additional bank accounts at Bank of America: one checking and one savings. The joint pensions and retirement payments owed to ZAFAR and KANEEZAN were the only sources of the funds deposited into the accounts. Plaintiff is informed and believes and on that basis alleges that NAZIA began taking cash withdrawals from the account, and also issued checks to herself and to her husband, MOHAMMED MALIK from September 2016 through the date of KANEEZAN's death. Plaintiffs further allege that Defendants continue to take funds from the account for their own personal use.

18. Defendants NAZIA and MALIK took and/or secreted and retained property of the elders for wrongful use or with the intent to defraud, or, in the alternative, Defendants took the property of the elder through the use of undue influence. But for Defendant's action, these funds would have passed intestate to Plaintiffs.

19. Defendants, Doe I through XX, assisted in taking, secreting and retaining the elder's funds for a wrongful use or with the intent to defraud as described in Paragraphs 1-19 of this Complaint constitute elder financial abuse as defined by *Welfare and Institutions Code Sections 15610.30 (2)* and *15657.6*, and Plaintiff is entitled to the remedies provided by *Welfare and Institutions Code Sections 15657.5* and *15657.6*.

20. Defendants' actions in taking, secreting and retaining the elders' funds for a wrongful use or with the intent to defraud as described in Paragraphs 1-15 of this Complaint

4

constitute elder financial abuse as defined by Welfare and Institutions Code Sections 15610.30 and 15657.6, and Plaintiff is entitled to the remedies provided by *Welfare and Institutions Code Sections 15657.5 and 15657.6*.

21. Defendants were guilty of recklessness, oppression, fraud and malice in the commission of the above acts.

22. Under *Welfare and Institutions Code Section 15657.5 (a)*, Defendants are liable to Plaintiffs for reasonable attorney fees and costs.

23. Under *Civil Code Section 3284*, Defendants are liable for punitive damages.

### SECOND COUNT: CONSTRUCTIVE TRUST

24. Paragraphs 1-23 are incorporated by reference, as though fully set forth herein.

25. During the period when KANEEZAN was fully incapacitated, defendant transferred KANEEZAN's assets into her own accounts, without right to do so. Defendant NAZIA also transferred the elders' real property to herself and to co-defendant MOHAMMED MALIK—an unencumbered asset valued at more than $500,000—thereby depriving the elders of an asset that would have financially sustained them.

26. By virtue of defendant NAZIA's wrongful acts, she holds the improperly transferred funds, in the amounts set forth above, and of an amount of at least $684,000 as a constructive trustee for the benefit of plaintiff.

### THIRD COUNT: BREACH OF FIDUCIARY DUTY

27. Paragraphs 1-26 are incorporated by reference as though fully set forth herein.

28. Plaintiffs allege that at all times relevant herein Defendant NAZIA had a fiduciary duty to the elders as trustee, and as ZAFAR's agent under a financial power of attorney. The elder ZAFAR was under the influence and control of the defendant at all times herein, while KANEEZAN had no capacity at any time at issue herein.

29. Defendant NAZIA breached her fiduciary duty to Plaintiffs by transferring money from the elders' accounts, as set forth above, into accounts controlled by, and for the benefit of, Defendant, and Defendant further used funds from the elders' accounts for

5

FIRST AMENDED COMPLAINT

payment of Defendant's own expenses. She further breached her fiduciary duty by not acting in the best interest of the beneficiaries—KANEEZAN and ZAFAR—when she transferred their home out of the alleged trust to herself.

30. As the result of Defendant NAZIA's breaches of fiduciary duty, Plaintiffs have been damaged in that sums would have passed intestate after the elders' death were instead misappropriated by Defendant. This damage amounted to sums in excess of $680,000 and in an amount to be fully determined according to proof

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

As to all counts:

1. For compensatory damages and interest, and other damages according to proof and in an amount to be determined by the Court;

As to the First Count:

2. For punitive damages pursuant to Welfare and Institutions Code Section 15657.5 and Civil Code Section 3294;

3. For reasonable attorney's fees pursuant to Welfare and Institutions Code Section 15657.5(a), in an amount to be determined by the Court;

4. For costs of suit incurred herein pursuant to Welfare and Institutions Code Section 15657.5(a) in an amount to be determined by the Court;

As to the Second Count:

5. For an order that Defendants may not use funds withdrawn from the accounts of KANEEZAN IQBAL and/or ZAFAR IQBAL to pay for this litigation;

6. For an order that Defendants may not use any funds attributable to the mortgage placed against the elders' home in Davis by Defendants to pay for this litigation;

7. For an order that Defendants hold the funds withdrawn from the accounts of KANEEZAN and ZAFAR in trust for the plaintiffs herein, in their capacity as heirs of KANEEZAN and ZAFAR;

6

8. For an order an order that Defendants hold the funds attributable to the mortgage placed against the elders' home in Davis by Defendants in trust for the plaintiffs herein, in their capacity as heirs of KANEEZAN and ZAFAR;

9. For costs of suit herein;

As to the Third Count:

10. For reasonable attorney's fees;

11. For costs of suit incurred herein;

As to all counts:

12. For such other and further relief as the court may deem proper.

Respectfully submitted,

DATED: _____03/13/2023_____    ✕ _____
Mohammad Mohsan Iqbal

DATED: _____03/13/2023_____    ✕ _____
Shazia Jabeen

7

FIRST AMENDED COMPLAINT

## VERIFICATION

I, SHAZIA JABEEN, am a plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

03/13/2023    3/13/2023

DATE                                        SHAZIA JABEEN

8

FIRST AMENDED COMPLAINT

**VERIFICATION**

I, MOHSAN IQBAL, am a plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

03/13/2023    3/13/2023

DATE                        MOHSAN IQBAL

10

FIRST AMENDED COMPLAINT

1

2

3

4                                    PROOF OF SERVICE

5          I am over the age of 18 and not a party to this action.

6          I am a resident of or employed in the county where the mailing occurred; my
7    business/residence address is in Folsom California .

8          On JUNE 21, 2023 I served the foregoing document(s) described as: NOTICE OF REMOVAL
9    OF CASE #CV2020-948 CONSOLIDATED WITH CV2020-0234 ON OPPOSING PARTY ATTORNEY

10   B
     RIAN TAYLOR
11   555 CAPITAL MALL SUITE #1500
     SACRAMENTO CA 95824
12
     SUPERIOR COURT OF CALIFORNIA COUNTY OF YOLO
13   HONORABLE DAVID ROSENBERG
     1000 MAIN STREET
14   WOODLAND CA 95695

15                      [X] (By U.S.MAIL I deposited such envelope in the mail at FOLSOM,
                        California with postage thereon fully prepaid. . Under the practice it would be
16                      deposited with the U.S. Postal Service on that same day with postage thereon
                        fully prepaid at FOLSOM California in the ordinary course of business.
17
18                      [ ] (By Personal Service) I caused such envelope to be delivered by hand via
                        messenger service to the address above;
19
                        [ ] (By Facsimile) I served a true and correct copy by facsimile during regular
20                      business hours to the number(s) listed above. Said transmission was reported
                        complete and without error.
21

22         I declare under penalty of perjury under the laws of the State of California that the foregoing.
23   is true and correct.

24                                            V/L

25   DATED: July 21, 2023
                                              _____
26                                            MARK LACEWELL

27

28

                                        -  6  -
                                  NOTICE OF REMOVAL