UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD YOUNAS MALIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAZIA JABEEN IQBAL, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-01462-DJC-DB<br><br><br>ORDER |

This action was originally filed in Yolo County Superior Court by Plaintiff before Defendants[1] removed it to this Court.  (ECF No. 1)  They did so on the basis of federal question and diversity jurisdiction, arguing that Plaintiff had brought forth claims under the Elder Abuse Prevention and Prosecution Act, a federal law, and that diversity jurisdiction applies as there is diversity and the amount in controversy exceeds $75,000.  (*Id.* at 2.)

The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087

---

[1] Defendants appear to be proceeding in this action pro se.  Under Local Rule 302(c)(21), this action would normally be routinely referred to a Magistrate Judge for proceedings.  However, the Court will elect to retain this matter, pursuant to Local Rule 302(d), as doing so permits the Court to better manage its docket.

(9th Cir. 2009). Under 28 U.S.C. § 1446(b), a defendant must remove an action to federal court within two thirty-day periods. The first thirty-day period is after the defendant becomes aware of the initial pleadings containing removable claims. 28 U.S.C. § 1446(b)(1). If an action is not removable based on the initial pleadings, the second period permits removal within thirty days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The rule requires 'a defendant to apply a reasonable amount of intelligence in ascertaining removability,' but not to 'make extrapolations or engage in guesswork.'" *Gomez v. Bradford*, No. 2:20-cv-00506-TLN-DB, 2021 WL 3733119, at *2 (E.D. Cal. Aug. 24, 2021) (citation omitted) (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)). "[T]he time limit is mandatory and a timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

Here, Defendants filed their notice of removal beyond the period permitted by 28 U.S.C. § 1446(b). With their notice of removal, Defendants include the First Amended Complaint filed by Plaintiffs in Yolo County Superior Court. (ECF No. 1 at 6–25.) That complaint was marked as filed on April 16, 2021, more than two years prior to the present removal. (*Id.* at 6.) Plaintiff has provided an exhibit of Defendants answer to the First Amended Complaint, showing they were aware of the First Amended Complaint over a year prior to the present removal. (*See* ECF No. 4-2 at 23–27.) Defendants have not alleged or shown that they later became aware that the case was removable based on another pleading, motion order, or other paper. (*See id.* at 6–25.) Nothing in Defendants' notice of removal or any of its attachments indicates this to be the case either.

Given the above and pursuant to 28 U.S.C. § 1446(b), Defendants had thirty days from the receipt of the amended pleadings in the state court action to remove the action. The present notice of removal was filed over two years after the First

2

Amended Complaint and at least a year after Defendants were aware of it. Defendants have not alleged or shown that there was some amended pleading, motion, order, or other paper that later made them aware this action was removable. As such, Defendant's removal is improper as it is untimely.

Moreover, this action is over a year from commencement and Defendants have failed to show that Plaintiff acted in bad faith to prevent Defendants from removing this action under diversity jurisdiction.  28 U.S.C. § 1446(c)(1).  Even where a later "other paper" makes a defendant aware diversity jurisdiction might exist, a case may not be removed more than one year after the commencement of an action unless "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).  While the First Amended Complaint does not explicitly state that the amount in controversy exceeds $75,000, the allegations in the complaint make this immediately facially apparent as they concern alleged misappropriation of funds well above this mark. (*See e.g.* ECF No 1 at 20–22.)   At one point the First Amended Complaint even plainly states that the damage for one claim "amounted to sums in excess of $680,000 and in an amount to be fully determined according to proof." (*Id.* at 22.)  As such, the amount in controversy was facially apparent from the First Amended Complaint.  *See Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Removal based on diversity would be untimely as Defendants have not shown Plaintiff acted in bad faith.

Removal based on federal question jurisdiction similarly would ultimately also be unsuccessful as nothing in the First Amended Complaint appears to raise a question of federal law.  *See California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) ("The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")

///

1      Accordingly, the Court hereby REMANDS this case to Yolo County Superior Court for all future proceedings.

Dated: July 24, 2023

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE